UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUBEN MALIK BOATWRIGHT                                        PETITIONER

V.                              CIVIL ACTION NO. 3:25-CV-176-KHJ-MTP

WARD CALHOUN                                                  RESPONDENT

ORDER

Before the Court is pro se Petitioner Ruben Malik Boatwright's [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Boatwright is a pretrial detainee at the Lauderdale County Detention Facility in Meridian, Mississippi. [1] at 1. He seeks an evidentiary hearing. *Id.* at 7.

Boatwright filed his Section 2241 [1] Petition on March 14, 2025, challenging his pending state-court criminal case. *See id.* at 2, 6. He alleges that he and three others were charged with possession of a firearm converted into a machine gun. *Id.* at 6. Boatwright accuses his attorney of ineffective assistance for not arguing that he was charged for possessing the same gun as the three other defendants, and he complains that his initial appearance was late. *Id.* Boatwright says that he has not raised these issues before any other court. *Id.* at 2–5.

Generally, a petitioner can bring a federal habeas claim only if he has exhausted the claim in state court. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987). This gives "the State the opportunity to pass upon and correct alleged

violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation modified). According to the Fifth Circuit:

> [A]lthough [S]ection 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225. In order to exhaust Boatwright's habeas claims, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839–40 (1999); *see also Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (per curiam).

Boatwright admits that he has not sought relief from any state court; therefore, it is clear he has not yet exhausted these claims. [1] at 2–6. This case is dismissed without prejudice. *See, e.g.*, *Zuniga v. United States*, No. 23-50430, 2024 WL 138657, at *1 (5th Cir. Jan. 12, 2024) (per curiam) (affirming sua sponte dismissal of Section 2241 claim for failure to exhaust); *Martin v. Young*, 607 F. App'x 421, 421–22 (5th Cir. 2015) (per curiam) (same).

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the Final Judgment to Boatwright at his address of record.

SO ORDERED, this 25th day of June, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
